YAN LU, Petitioner,

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 06–4805–ag.

United States Court of Appeals, Second Circuit.

Nov. 27, 2007.

Gary J. Yerman, New York, NY, for Petitioner.

John L. Brownlee, United States Attorney; Jean B. Hudson, Assistant United States Attorney, Charlottesville, VA, for Respondent.

PRESENT: Hon. PIERRE N. LEVAL, Hon. GUIDO CALABRESI, Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Yan Lu, a native and citizen of the People's Republic of China, seeks review of a September 28, 2006 order of the BIA affirming the May 23, 2005 decision of Immigration Judge ("IJ") William F. Jankun, which denied her application for relief under the Convention Against Torture ("CAT"). *In re Yan Lu,* No. A96 395 251 (B.I.A. Sept. 28, 2006), *aff'g* No. A96 395 251 (Immig. Ct. N.Y. City May 23, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 59 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 159 (2d Cir.2004). We review the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dept. of Justice,* 494 F.3d 296, 305 (2d Cir.2007).

■ We find that substantial evidence supports the agency's denial of Lu's CAT claim to the extent she claimed that she would likely be imprisoned and tortured for illegally departing China. We have held that without any particularized evidence, an applicant cannot demonstrate that he or she is more likely than not to be

tortured "based solely on the fact that [he or she] is part of the large class of persons who have left China illegally" and on generalized evidence indicating that torture occurs in Chinese prisons. *Mu Xiang Lin v. U.S. Dep't of Justice,* 432 F.3d 156, 159–60 (2d Cir.2005); *see also Pierre v. Gonzales,* 502 F.3d 109, 118–19 (2d Cir.2007) (holding that beyond evidence of inhumane prison conditions, a CAT claimant must provide some evidence that the authorities act with the specific intent to inflict severe physical or mental pain or suffering on those detained). Here, Lu provided no basis for the IJ to conclude that she, or someone in her "particular alleged circumstances," faces an elevated risk of excessive punishment. *See Mu–Xing Wang v. Ashcroft,* 320 F.3d 130, 143–44 (2d Cir. 2003). Although she testified that a friend had been imprisoned, fined, and beaten for illegally departing China, Lu did not point to any particular similarities between her friend's circumstances and her situation. *See Mu Xiang Lin,* 432 F.3d at 160.

To the extent that Lu claimed that she would be subject to torture by the smugglers who financed her travel to the United States, the BIA's conclusion was likewise reasonable. The background evidence she submitted focused entirely on torture by government officials in China, and contained no specific information on torture by smugglers. Absent any evidence of torture by private individuals, Lu could not establish that such torture was more likely than not to occur. Accordingly, substantial evidence supports the agency's conclusion that Lu failed to meet the high burden of proof for her CAT claim. *See Mu–Xing Wang,* 320 F.3d at 143–44.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).